|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| PRINCE OJI, § | |
| § | |
| Movant, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:13-CV-334 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

# MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Prince Oji, an inmate at the Federal Prison Complex in McRae, Georgia, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends the motion be denied and dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes the objections are without merit. Movant's claim that counsel was ineffective for facilitating an unknowing and involuntary plea and waiver is without merit. For the reasons set forth below, the court finds movant's plea of guilty and waiver of rights were both informed and voluntary.

Before his plea of guilty was accepted at the plea hearing, movant expressly asserted that he understood the sentence ultimately imposed may be different from any estimate his attorney may have given him, and that the court could do something different than any recommendations contained in the plea agreement. Movant was advised of a possible range of punishment of not more than 20 years; a fine not to exceed $500,000, or twice the value of the property involved in the transaction, whichever is greater. Additionally, movant was advised of possible restitution, forfeiture, consequences of regarding his immigration status, supervised release of not more than three years, and a special assessment of not less than $100. Movant was advised that his sentence was subject to an increase of 14 levels because the loss exceeded $ 400,000 but was less than or equal to $ 1,000,000. Further, movant was advised that "restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement." Transcript of Plea Agreement at 4, *United States v. Oji*, 1:11cr120 (E.D. Tex. Sept. 4, 2012). Movant stipulated that the "currently unreimbursed losses caused by the defendant's criminal conduct are not less than $ 655,258.30 and that this is the minimum amount should the court order restitution." *Id*.

Movant's arguments regarding counsel and the voluntariness of his plea were raised at the sentencing hearing and found not credible by the court. After hearing from movant, his counsel, and counsel for the Government, the court found the statements of movant's counsel and counsel for the Government more credible. *See* Transcript of Sentencing Hearing at 10, *Oji*, 1:11cr120. As movant has failed to show his punishment was in excess of the statutory maximum or that he was denied the effective assistance of counsel that affected the validity of the waiver or the plea

2

itself, the waiver of right to appeal or otherwise challenge the sentence is valid and will be enforced. Accordingly, movant's objections should be overruled.

In addition, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

**ORDER**

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 1st day of October, 2014.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE